IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HANKINS, :
:
    Plaintiff :
:
    v. : CIVIL NO. 3:CV-14-1557
:
JOHN WETZEL, ET AL., : (Judge Conaboy)
:
    Defendants :

**MEMORANCUM**
**Background**

    Robert Hankins (Plaintiff), an inmate presently confined at the at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. By Order dated August 28, 2015, Defendants' motion to sever for violation of the joinder rule was granted and Plaintiff was directed to file an amended complaint which complied with Federal Rules of Civil Procedure 8(e) and 20. The Order forewarned Plaintiff that failure to timely submit a proper amended complaint would result in dismissal of his action for failure to prosecute.

    By Order dated Plaintiff was afforded a final extension of time to May 16, 2016 in which to submit his amended complaint and was warned that no further extensions would be granted and his action would be dismissed if an amended complaint was not filed.

1

The relevant time period has passed and no amended complaint has been submitted.

## Discussion

Presently pending is Plaintiff's motion requesting yet another enlargement of time in which to submit an amended complaint in accordance with the Order of August 28, 2015. Since Hankins has already been granted an extraordinary generous amount of time of approximately nine months in which to file an amended complaint, his motion (Doc. 56) will be denied. This determination is bolstered by the fact that Hankins was previously warned that no further extensions would be granted.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

2

The Court of Appeals for the Third Circuit in <u>Poulis</u> set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. <u>See</u> <u>Adams v. Trustees, NJ Brewery Trust Fund</u>, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[1] As discussed by this Court's Order of August 28, 2015, even under the most generous treatment given to Plaintiff's Original Complaint, it could not be allowed to proceed. Furthermore, although Hankins has been granted an extremely reasonable period of time of approximately nine (9) months and supplied with a form civil rights complaint he has failed to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

---

1.   Although <u>Azubuko</u>, 243 Fed. Appx. at 729, recognizes a "balancing under <u>Poulis</u> is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the <u>Poulis</u> analysis should be undertaken. <u>See</u> <u>Hernandez v. Palakovich</u>, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (<u>Poulis</u> factors must be considered before dismissing a case as a sanction for failure to follow a court order).

3

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis. An appropriate order will enter.

                                             RICHARD P. CONABOY
                                             United States District Judge

DATED:   JUNE 1st, 2016